KOSTECKI, APPELLANT, *v.* KOSYDAR, TAX COMMR., APPELLEE.

(No. 74-1040—Decided July 2, 1975.)

15

Messrs. *Palmquist & Courtney* and *Mr. Lawrence J. Courtney,* for appellant.

Mr. *William J. Brown,* attorney general, *Mrs. Maryann B. Gall* and *Mr. Ronald B. Noga,* for appellee.

*Per Curiam.* It is first observed that appellant raises no question pertaining to the justification for the test check resulting from the failure to maintain complete and adequate records as required by R. C. 5739.11.

Appellant contends that the Board of Tax Appeals failed to adequately consider her claims that: (1) The sales tax was included in the amount charged on all taxable sales; (2) the motel had permanent guests (over 30 days) who are not subject to sales tax; and (3) that she did not receive credit for a 3 percent township tax included in the motel sales charge.

Appellant refers primarily to testimony of her business manager and accountant in support of her claim that sales tax was calculated within the sales prices for the various categories of sales of food, beer, liquor and motel rooms. Further, appellant states that daily sheets were maintained to record these sales which she claims support her contention that sales prices included the applicable

tax. However, such daily sheets, compiled from cash register tapes, did not separately state the sales tax and the sales price. Appellant's claim of being denied credit for permanent motel sales is without any primary record support, and, as stated by the board, " * * * appellant offered no probative evidence of the number and exact amount of its exempt sales." As to failure of the board to credit township tax on motel sales, appellant relies solely on testimony that such tax was included in the sales price and was paid.

In essence, the position of the appellant is that greater weight should have been given by the commission and the board to her factual claims. All such claims urged by appellant were considered by the board, as its decision reflects, but were deemed insufficient to establish exempt sales or error in the test check.

*Russo* v. *Donahue* (1947), 10 Ohio St. 2d 201, speaks directly on the question of the appropriateness of a test check where records are inadequate. The court stated, at page 214, that "* * * we see no reason why such test-check information may not be used by the Tax Commissioner alone or together with other information as the basis of an assessment." Appellant's contention is that the records she supplied were disregarded by the board. The fact, however, is that the test check supports the board's decision, and its refusal to modify the test checks results on the basis of other information whose weight and credibility it found wanting is not unreasonable.

Although appellant now complains that the test check was not for a representative period, such complaint was not made at the board level, nor does appellant offer compelling data to support that complaint.

The decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.